## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 85 | **DATE** | 7/25/2000 |
| **CASE TITLE** | USA vs. Rothberg, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum to all counsel appointed under the Criminal Justice Act in the Case of United States v. Robin Rothberg, et al. Because of the expected length of the trial in this case, and the anticipated hardship of counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 of the Guidelines for the Administration of the Criminal Justice Act, the procedures set forth on the attached memorandum for interim payment shall apply during the course of representation in this case.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 2 5 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 89 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 AUG 24 PM 4: 25 | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

AUG 25 2000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 00 CR 85 |
| | ) | Judge Matthew F. Kennelly, |
| | ) | presiding |
| v. | ) | |
| | ) | |
| ROBIN ROTHBERG, et al. | ) | |

**MEMORANDUM TO ALL COUNSEL APPOINTED UNDER
THE CRIMINAL JUSTICE ACT IN THE CASE OF**

<u>United States of America v. ROBIN ROTHBERG, et al.</u>
**00 CR 85**

RE: Interim Payments for Representation of Counsel

     Because of the expected length of the trial in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 of the <u>Guidelines for the Administration of the Criminal Justice Act</u>, the following procedures for interim payments shall apply during the course of your representation in this case:

     1. <u>Submission of Vouchers</u>

     Counsel shall submit to the court clerk, one voucher every other month (except during trial when the vouchers should be submitted every month, an interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel." The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to October 1, 2000; thereafter, the vouchers shall be submitted according to the schedule outlined above. Counsel shall strike the pre-printed numbers on all but the first CJA Form 20 submitted and substitute the number appearing on the first voucher therefore. In addition, counsel shall complete Item 21 of the form. Each voucher shall be numbered in series and include the time period each covers. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter 2, Section

3 of the <u>Guidelines for the Administration of the Criminal Justice Act</u> outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for two-thirds of the approved number of hours. This compensation will be determined by multiplying two-thirds of the approved number of hours by the applicable rate. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment of the one-third balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, I will submit it to the chief judge of the circuit or his or her delegate for review and approval.

## 2. <u>Reimbursable Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $150.00 without prior approval of the Court. Such approval may be sought by filing an <u>ex parte</u> application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed <u>in camera</u>, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $150.00 on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside of the city/county of Cook for the purpose of consulting with the client or his

or her former counsel, interviewing witnesses, etc., the $150.00 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $150.00, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

a. Case related travel by privately owned automobile should be claimed at the rate of 25 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

b. Actual expenses incurred for meals and lodging while traveling outside of the city/county of Cook in the course of this representation much conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the Clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, F.R.Cr.P. and 28 U.S.C. sec. 1825.

### 3. Further questions or guidance

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. 3006A; (2) the Plan of the United States District Court for the Northern District of Illinois available through the Clerk, and (3) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to me or my staff.

It is so ordered:

*[signature]*
United States District Judge
Matthew F. Kennelly

July 25, 2011
Date

Approved


_____          _____
Dated                        Chief Judge of the United
                             States Court of Appeals for
                             the Seventh Circuit